IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MATTHEW MARTIN,

            Plaintiff,

v.                                                    CIVIL ACTION NO.  2:15-cv-01544

WEST VIRGINIA DIVISION OF
CORRECTIONS, et al.,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants Jane Doe, Employee of North Central Regional Jail, and John Doe, Employee of North Central Regional Jail's Motion to Dismiss (the "Doe Motion"). (ECF No. 9). For the reasons discussed herein, the Court **GRANTS** this motion.

*I. Background*

This case arises out of events that allegedly occurred while Plaintiff was in custody at the North Central Regional Jail ("NCRJ") in West Virginia. The Complaint alleges that, "at all relevant times, [Plaintiff] was an inmate committed to the custody of the West Virginia Division of Corrections" ("WVDC") and "was and has been incarcerated at [NCRJ]." (ECF No. 1, Ex. 2 ¶¶ 7 & 14.) The Complaint asserts that, in roughly "September 2013, another inmate attacked [Plaintiff]." (*Id.* ¶ 15.) Following this attack, Plaintiff allegedly "was not provided treatment and left unconscious for several hours" and "was ultimately transferred to multiple hospitals with extensive injuries." (*Id.* ¶¶ 16–17.) The Complaint further alleges that Plaintiff "was ordered by his

1

treating physicians to be on a strict liquid diet, as his jaw was 'wired' together from the injuries sustained" in the attack. (*Id.* ¶ 18.) The Complaint asserts that, despite assurances made by NCRJ to Plaintiff and his mother, "NCRJ and other named defendants did not follow the orders" of Plaintiff's treating physicians. (*Id.* ¶ 19.) Instead, NCRJ allegedly "didn't even have a blender for use to feed [Plaintiff] for several weeks" and "[Plaintiff] was fed only milk for several weeks." (*Id.* ¶¶ 21–22.) The Complaint alleges that Plaintiff "lost 30 pounds and was weak and ill." (*Id.* ¶ 21.)

On September 19, 2014, Plaintiff filed the Complaint, by counsel, in the Circuit Court of Kanawha County, West Virginia. (ECF No. 1, Ex. 2.) The Complaint asserts claims "brought pursuant to 42 U.S.C. §§ 1983 and 1988 for . . . Defendants' violations of the Constitutions, common law, statutes and public policy of the United States and the State of West Virginia." (*Id.* ¶ 1.) The Complaint names the following as defendants: (1) WVDC; (2) "James Rubenstein, Commissioner, [WVDC];" (3) "George Trent, Administrator, [NCRJ];" (3) NCRJ; (4) the West Virginia Regional Jail and Correctional Authority ("WVRJ"); and (5) "Jane Doe, Employee, [NCRJ]" and "John Doe, Employee, [NCRJ]" (together, the "Doe Defendants"). (*Id.* at 1.) The Complaint seeks a wide array of injunctive, compensatory, and punitive relief, as well as "[p]rejudgment and post-judgment interest" and "[a]ttorney fees and costs." (*Id.* at 9–10.)

On February 6, 2015, Defendants WVDC and Rubenstein removed this case on the basis of federal question jurisdiction under 28 U.S.C. § 1331. (ECF No. 1 at 1–2.) On March 23, 2015, the Doe Defendants filed the Doe Motion, which requests dismissal of Plaintiff's claims against these Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 9.) To date, Plaintiff has not filed a response to this motion. As such, the Doe Motion is ready for disposition.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Allegations "must be simple, concise, and direct" and "[n]o technical form is required." Fed. R. Civ. P. 8(d)(1). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a civil complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "[I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that "the defendant is liable for the misconduct alleged." *Id.* A motion to dismiss will be granted if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

## III. Discussion

The Doe Defendants argue that "Plaintiff's claims may not proceed against [the Doe Defendants] as no set of facts in support of the claims have been alleged that would entitle him to

relief against the unidentified and possibly non-existent [Doe Defendants]." (ECF No. 9 at 2.) The Court agrees.

"The designation of a John Doe defendant is generally not favored in the federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery." *Njoku v. Unknown Special Unit Staff*, 217 F.3d 840, at *1 (4th Cir. 2000); *cf. Schiff v. Kennedy*, 691 F.2d 196, 198 (4th Cir. 1982) ("[W]e are not unaware of the right of the district court to manage its docket and the danger of permitting suits with unnamed parties to remain on the docket unprosecuted."). *See generally Farmer v. Wilson*, Civil Action No. 2:14–cv–13256, 2014 WL 4629591, at *1–2 (S.D. W. Va. Sept. 15, 2014) (applying pre-*Twombly* Fourth Circuit case law regarding John Doe defendants). "[I]f it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice." *Schiff*, 691 F.2d at 198. As such, "John Doe suits are permissible only against 'real, but unidentified, defendants.'" *Njoku*, 217 F.3d at *1 (quoting *Schiff*, 691 F.2d at 197).

The Complaint's sole description of the Doe Defendants is that they were "WVRJ and NCRJ employee[s] acting under the color of law conferred upon [them] by virtue of this position." (ECF No. 1, Ex. 2 ¶¶ 11–12.) The Complaint is otherwise devoid of any further identifying information regarding the Doe Defendants, or any assertions as to the specific conduct that may form the basis for these Defendants' liability. (*See* ECF No. 1, Ex. 2.) These allegations are grossly deficient and provide no indication that the Doe Defendants are "real, but unidentified, defendants." *See, e.g.*, *Parker v. White*, No. 5:12–CT–3082, 2012 WL 6701771, at *3 (W.D.N.C.

4

Dec. 26, 2012) ("A plaintiff who seeks to proceed against unidentified defendants must still 'provide an adequate description of some kind which is sufficient to identify the person involved so that process can be served.'" (quoting *Keno v. Doe*, 74 F.R.D. 587, 588 n.2 (D.N.J. 1977))). Indeed, "[i]t is pleadings of this nature that the Supreme Court intended to eliminate when it announced *Twombly* and *Iqbal*." *Farmer*, 2014 WL 4629591, at *2.

Furthermore, there is no indication in the record that Plaintiff conducted any inquiries following his filing of the Complaint to ascertain the identities of these hypothetical individuals. Plaintiff's "failure to act diligently" to ascertain the identities of these individuals "lends support to the conclusion that the plaintiff has not used the . . . Doe designation as a placeholder" prior to including particular named defendants in this action. *Id.*; *see also Saunders v. Boddie-Noell Enters., Inc.*, Civil Action No. 7:08cv110, 2008 WL 2553047, at *2 (W.D. Va. June 25, 2008) ("[T]he Court will not permit the use of a 'John Doe' designation for a defendant 'if the plaintiff's ignorance of the defendant's true identity is the result of willful neglect or lack of reasonable inquiry.'" (quoting 2 James Wm. Moore et al., *Moore's Federal Practice* § 10.02(2)(d)(1) (3d ed. 2005))).

Absent a substantial additional showing that Plaintiff used the "Doe" designations as placeholders for identifiable individuals, the Court finds that Plaintiff fails to state a claim against the Doe Defendants. As such, the Court finds that it is appropriate to grant the Doe Defendants' request for dismissal of Plaintiff's claims against these hypothetical Defendants.

### IV. Conclusion

For the reasons discussed above, the Court **GRANTS** the Doe Motion. (ECF No. 9). The Court therefore **DISMISSES** the Doe Defendants from this case.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: September 14, 2015

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE